T.C. Memo. 1996-6


UNITED STATES TAX COURT


JOSEPH C. STEPIEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8161-95.                    Filed January 11, 1996.


<u>Raymond N. McCabe</u>, for petitioner.

<u>Lynne Camillo</u> and <u>Matthew I. Root</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is presently before the Court on respondent's Motion for Partial Summary Judgment.

Respondent seeks a partial summary adjudication that there is an underpayment in petitioner's income tax for the taxable year 1984, and that a portion of such underpayment is

attributable to fraud within the meaning of section 6653(b).[1]  As explained in more detail below, we agree with respondent that partial summary judgment in respondent's favor is appropriate.

Background

Joseph C. Stepien (petitioner) failed to file Federal income tax returns for the taxable years 1983, 1984, 1985, and 1986.  On April 11, 1990, a Federal grand jury sitting in the U.S. District Court for the District of Hawaii returned an indictment charging petitioner with criminal tax evasion under section 7201 for the taxable years 1983, 1984, 1985, and 1986.  On July 13, 1990, petitioner negotiated a plea agreement with the U.S. Attorney for the District of Hawaii whereby petitioner agreed to enter a voluntary plea of guilty to the charge of criminal tax evasion under section 7201 for the taxable year 1984 in exchange for an agreement by the Government to dismiss the remaining counts of the indictment.  The District Court accepted petitioner's guilty plea and entered a judgment of conviction against petitioner on October 22, 1990.

In a notice of deficiency issued subsequent to petitioner's conviction, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| | | Additions to Tax | | | | |
| Year | Deficiency | Sec. 6653(b)(1) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(B) | Sec. 6654(a) |
|---|---|---|---|---|---|---|
| 1983 | $13,219 | $6,610 | -- | 50% of the interest due on $13,219 | -- | $808 |
| 1984 | 13,333 | 6,667 | -- | 50% of the interest due on $13,333 | -- | 838 |
| 1985 | 8,435 | 4,218 | -- | 50% of the interest due on $8,435 | -- | 484 |
| 1986 | 4,787 | -- | $3,590 | -- | 50% of the interest due on 4,787 | 146 |

In the alternative to her determination that petitioner is liable for additions to tax for fraud under section 6653, respondent determined that petitioner is liable for various additions to tax under section 6651(a)(1), section 6653(a)(1) and (2), and section 6653(a)(1)(A) and (B) for the taxable years in issue.

Petitioner filed a petition for redetermination with the Court disputing the deficiencies and the additions to tax determined by respondent in the notice of deficiency.  Respondent filed an answer to the petition, including therein affirmative allegations as follows:  (1) Petitioner is liable for the additions to tax for fraud for each of the taxable years in issue; and (2) the doctrine of collateral estoppel applies to preclude petitioner from contesting his liability for the additions to tax for fraud under section 6653(b)(1) and (2) for the taxable year 1984.  Thereafter, petitioner filed a reply to

respondent's answer in which petitioner denies that he is liable for the additions to tax for fraud for any of the taxable years in issue.

As indicated, respondent filed a motion seeking a partial summary adjudication that there is an underpayment in petitioner's income tax for the taxable year 1984 and that a portion of such underpayment is attributable to fraud within the meaning of section 6653(b). Respondent contends that petitioner is collaterally estopped from denying that he fraudulently attempted to evade Federal income tax for 1984 by virtue of his conviction for tax evasion under section 7201 for that year.

Respondent's Motion for Partial Summary Judgment was calendared for hearing in Washington, D.C., at which time counsel for respondent appeared and presented argument in support of the motion. No appearance was made by or on behalf of petitioner at the hearing, nor did petitioner file a statement with the Court pursuant to Rule 50(c).[2] In effect, petitioner relies on the denials set forth in his reply to the affirmative allegations of respondent's answer.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v.

_____

[2] Petitioner was reminded of the applicability of Rule 50(c) in the Court's Notice of Hearing dated Oct. 12, 1995.

Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Section 6653(b)(1) provides that if any part of any underpayment of tax is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.  Section 6653(b)(2) provides that there shall be added to the tax, in addition to the amount provided by section 6653(b)(1), an amount equal to 50 percent of the interest due on the portion of the underpayment that is attributable to fraud.

Fraud is defined as an intentional wrongdoing with a specific intent to evade a tax believed to be owing.  Zell v.

Commissioner, 763 F.2d 1139, 1142-1143 (10th Cir. 1985), affg. T.C. Memo. 1984-152; Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Stone v. Commissioner, 56 T.C. 213, 220 (1971).

As indicated, respondent contends that petitioner is estopped from denying the existence of fraud for 1984 by virtue of petitioner's criminal conviction under section 7201. We agree.

Collateral estoppel serves to protect litigants from the burden of relitigating an identical issue and promotes judicial economy by preventing unnecessary and redundant litigation. Meier v. Commissioner, 91 T.C. 273, 282 (1988). Under the doctrine of collateral estoppel, a valid, final judgment in a prior suit precludes, in a second cause of action, litigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Niedringhaus v. Commissioner, 99 T.C. 202, 213 (1992); Meier v. Commissioner, supra.

A criminal conviction based upon a charge of willful attempt to evade tax in violation of section 7201 necessarily carries with it the ultimate factual determination that part of the underpayment for the particular taxable year was due to fraud as encompassed in section 6653(b). Plunkett v. Commissioner, 465

F.2d 299, 305-306 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Amos v. Commissioner, 43 T.C. 50, 54-56 (1964), affd. 360 F.2d 358 (4th Cir. 1965). The doctrine of collateral estoppel applies in this context whether the conviction under section 7201 arises from a trial on the merits or a plea of guilty. Gray v. Commissioner, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1; Plunkett v. Commissioner, supra at 305; Stone v. Commissioner, supra at 221.

Consistent with the foregoing, petitioner's prior criminal conviction under section 7201 in respect of his 1984 taxable year is conclusive and binding on petitioner so that the doctrine of collateral estoppel precludes him from denying in the present civil tax proceeding: (1) There is an underpayment in his income tax for 1984, and (2) a part of the underpayment is due to fraud within the meaning of section 6653(b). Tomlinson v. Lefkowitz, 334 F.2d 262, 266 (5th Cir. 1964); C.B.C. Super Markets, Inc. v. Commissioner, 54 T.C. 882, 893 (1970). Consequently, we shall grant respondent's Motion for Partial Summary Judgment.

Conclusion

In order to reflect the foregoing,

An order will be issued granting respondent's Motion for Partial Summary Judgment.